IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

DERRICK HILL,                                   No. 2:13-cv-0828-KJM-CMK-P

    Plaintiff,

  vs.                                           FINDINGS AND RECOMMENDATION

R.J. RACKLEY, et al.

    Defendants.

_____/

Plaintiff, a prisoner proceeding pro se, brings this civil rights action pursuant to 42 U.S.C. § 1983. Pending before the court is defendants' unopposed motion for summary judgment (Doc. 20).

**I. BACKGROUND**

This case proceeds on plaintiff's original complaint (Doc. 1). The court previously summarized plaintiff's claims as follows:

> plaintiff alleges that on April 22, 2012, there was some type of altercation between black and white inmates in the kitchen. As a result of this altercation, the prison went on temporary lockdown until the inmates involved could be identified. Following the identification of those involved, the lockdown was lifted, but all black and white inmates were placed in modified programming for a month. Plaintiff, who states he is black, alleges he was not involved in the altercation, but was subjected to the modified programming based solely on his race. He claims this violated his

1

> Equal Protection and Eighth Amendment rights.  Specifically, he argues that prison officials identified those specifically involved in the altercation within the first day following the incident and determined that the only inmates involved were black and white.  Therefore, all other races were released from lockdown.  However, all black and white inmates, regardless of whether they were involved in the incident or not, continued on modified program based solely on their race.

(Screening order, Doc. 7, at 1-2).

Defendants now bring a motion for summary judgment for plaintiff's failure to properly exhaust his administrative remedies.  Plaintiff has not filed an opposition.

## II.  STANDARD FOR SUMMARY JUDGMENT

The Federal Rules of Civil Procedure provide for summary judgment or summary adjudication when "the pleadings, depositions, answers to interrogatories, and admissions on file, together with affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(a).  The standard for summary judgment and summary adjudication is the same.  See Fed. R. Civ. P. 56(a), 56(c); see also Mora v. ChemTronics, 16 F. Supp. 2d 1192, 1200 (S.D. Cal. 1998).  One of the principal purposes of Rule 56 is to dispose of factually unsupported claims or defenses.  See Celotex Corp. v. Catrett, 477 U.S. 317, 325 (1986).  Under summary judgment practice, the moving party

> always bears the initial responsibility of informing the district court of the basis for its motion, and identifying those portions of "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any," which it believes demonstrate the absence of a genuine issue of material fact.

Id. at 323 (quoting former Fed. R. Civ. P. 56(c)); see also Fed. R. Civ. P. 56(c)(1).

If the moving party meets its initial responsibility, the burden then shifts to the opposing party to establish that a genuine issue as to any material fact actually does exist.  See Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 586 (1986).  In attempting to establish the existence of this factual dispute, the opposing party may not rely upon the allegations or denials of its pleadings but is required to tender evidence of specific facts in the

2

form of affidavits, and/or admissible discovery material, in support of its contention that the dispute exists. See Fed. R. Civ. P. 56(c)(1); see also Matsushita, 475 U.S. at 586 n.11. The opposing party must demonstrate that the fact in contention is material, i.e., a fact that might affect the outcome of the suit under the governing law, Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986); T.W. Elec. Serv., Inc. v. Pacific Elec. Contractors Ass'n, 809 F.2d 626, 630 (9th Cir. 1987), and that the dispute is genuine, i.e., the evidence is such that a reasonable jury could return a verdict for the nonmoving party, Wool v. Tandem Computers, Inc., 818 F.2d 1433, 1436 (9th Cir. 1987). To demonstrate that an issue is genuine, the opposing party "must do more than simply show that there is some metaphysical doubt as to the material facts . . . . Where the record taken as a whole could not lead a rational trier of fact to find for the non-moving party, there is no 'genuine issue for trial.'" Matsushita, 475 U.S. at 587 (citation omitted). It is sufficient that "the claimed factual dispute be shown to require a trier of fact to resolve the parties' differing versions of the truth at trial." T.W. Elec. Serv., 809 F.2d at 631.

In resolving the summary judgment motion, the court examines the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any. See Fed. R. Civ. P. 56(c). The evidence of the opposing party is to be believed, see Anderson, 477 U.S. at 255, and all reasonable inferences that may be drawn from the facts placed before the court must be drawn in favor of the opposing party, see Matsushita, 475 U.S. at 587. Nevertheless, inferences are not drawn out of the air, and it is the opposing party's obligation to produce a factual predicate from which the inference may be drawn. See Richards v. Nielsen Freight Lines, 602 F. Supp. 1224, 1244-45 (E.D. Cal. 1985), aff'd, 810 F.2d 898, 902 (9th Cir. 1987). Ultimately, "[b]efore the evidence is left to the jury, there is a preliminary question for the judge, not whether there is literally no evidence, but whether there is any upon which a jury could properly proceed to find a verdict for the party producing it, upon whom the onus of proof is imposed." Anderson, 477 U.S. at 251.

/ / /

### III.  DISCUSSION

**A.     Exhaustion**

       The Prison Litigation Reform Act (PLRA) sates, "No action shall be brought with respect to prison conditions under [42 U.S.C. § 1983], or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a).  Therefore, prisoners are required to exhaust all available administrative remedies prior to filing suit. Jones v. Bock, 549 U.S. 199, 211 (2007).

       In order to exhaust administrative remedies, the prisoner must comply with all of the prison system's procedural rules so that the agency addresses the issues on the merits. See Woodford v. Ngo, 548 U.S. 81, 89-96 (2006).  Thus, exhaustion requires compliance with "deadlines and other critical procedural rules." Id. at 90.  Partial compliance is not enough. See id.  Substantively, the prisoner must submit a grievance which affords prison officials a full and fair opportunity to address the prisoner's claims. See id. at 90, 93.  The Supreme Court noted that one of the results of proper exhaustion is to reduce the quantity of prisoner suits "because some prisoners are successful in the administrative process, and others are persuaded by the proceedings not to file an action in federal court." Id. at 94.

       In California, prisoners may appeal "any policy, decision, action, condition, or omission by the department or its staff that the inmate or parolee can demonstrate as having a material adverse effect upon his or her health, safety, or welfare." Cal. Code Regs. tit. 15, § 3084.1(a).  On January 28, 2011, California prison regulations governing inmate grievances were revised. Cal. Code Regs. tit. 15, § 3084.7.  Now inmates in California proceed through three levels of appeal to exhaust the appeal process: (1) formal written appeal on a CDC 602 inmate appeal form, (2) second level appeal to the institution head or designee, and (3) third level appeal to the Director of the California Department of Corrections and Rehabilitation ("CDCR"). Cal. Code Regs. tit. 15, § 3084.7.  Under specific circumstances, the first level review may be bypassed. Id.  The third level of review constitutes the decision of the Secretary of the CDCR

and exhausts a prisoner's administrative remedies. See id. § 3084.7(d)(3). A California prisoner is required to submit an inmate appeal at the appropriate level and proceed to the highest level of review available to him. Butler v. Adams, 397 F.3d 1181, 1183 (9th Cir. 2005); Bennett v. King, 293 F.3d 1096, 1098 (9th Cir. 2002). Since the 2011 revision, in submitting a grievance, an inmate is required to "list all staff members involved and shall describe their involvement in the issue." Cal. Code Regs. tit. 15, § 3084.2(3). Further, the inmate must "state all facts known and available to him/her regarding the issue being appealed at the time," and he or she must "describe the specific issue under appeal and the relief requested." Cal. Code Regs. tit. 15, §§ 3084.2(a)(4). An inmate now has thirty calendar days to submit his or her appeal from the occurrence of the event or decision being appealed, or "upon first having knowledge of the action or decision being appealed." Cal. Code Regs. tit. 15, § 3084.8(b).

Where a prison system's grievance procedures do not specify the requisite level of detail for inmate appeals, a grievance satisfies the administrative exhaustion requirement if it "alerts the prison to the nature of the wrong for which redress is sought." Griffin v. Arpaio, 557 F.3d 1117, 1120 (9th Cir. 2009); see Sapp v. Kimbrell, 623 F.3d 813, 824 (9th Cir. 2010). "A grievance need not include legal terminology or legal theories unless they are in some way needed to provide notice of the harm being grieved. A grievance also need not contain every fact necessary to prove each element of an eventual legal claim. The primary purpose of a grievance is to alert the prison to a problem and facilitate its resolution, not to lay groundwork for litigation." Griffin, 557 F.3d at 1120.

The Ninth Circuit has determined that a motion for summary judgment is the proper means to raise a prisoner's failure to exhaust administrative remedies. See Albino v. Baca, 747 F.3d 1162, 1166 (9th cir. 2014). Defendants have the burden of providing plaintiff failed to exhaust available administrative remedies. See id. A defendant's burden of establishing an inmate's failure to exhaust administrative remedies has been characterized by the Ninth circuit as "very low." Albino v. Baca, 697 F.3d 1023, 1031 (9th Cir. 2012). The "defendant need only

show the existence of . . . [a grievance procedure] that the plaintiff did not use." Id. (citing Hilao v. Estate of Marcos, 103 F.3d 767, 778, n.5 (9th Cir. 1996)). "If undisputed evidence viewed in the light most favorable to the prisoner shows a failure to exhaust, a defendant is entitled to summary judgment under Rule 56." Albino, 747 F.3d at 1166. If material facts are disputed, summary judgment should be denied, and the district court should decide "disputed factual questions relevant to exhaustion . . . in the same manner a judge rather than a jury decides disputed factual questions relevant to jurisdiction and venue." Id. at 1170-71.

**B. Plaintiff's 602 Appeal**

Here, as set forth above, plaintiff claims he was placed on modified programming based solely on his race following an inmate altercation in 2012. Plaintiff states in his complaint that he exhausted his administrative remedies, and attaches a copy of his inmate appeal, number DVI-X-12-1809, as proof of his exhaustion. In his 602 inmate appeal, plaintiff explains the issue as:

> I'm being disciplined for a small melee that happened between whites and blacks in the kitchen on 4-22-12. The melee had nothing to do me. I was in my cell in D-wing 341.

(Compl., Doc. 1, at 30, 33).

Plaintiff's appeal was partially granted at the first level. His request to be compensated for the days he missed work was granted, as all missed time during the lockdown was recorded as "S" time. His request not to be punished for another inmate's action was denied to the extent the lockdown was not punishment, but was due to the safety and security of the institution, and all inmates housed on C, D, H, J and L-3 were subject to the restrictions.

Dissatisfied with that decision, plaintiff appealed to the second level. Plaintiff explained the reason for his dissatisfaction as:

> I know after a melee there must be an investigation. An investigation takes 10 to 14 days. I'm saying after 10-14 days, if you know that nobody else had anything to do with the melee, let them or me go on with my program.

(Compl., Doc. 1, at 31).

1    At the second level, plaintiff's appeal was again partially granted, in that his
2 request never to be punished for another inmate's actions was granted, his request to be taken off
3 lockdown was granted, and his request to be compensated for the days of missed work was
4 denied.  It was noted in the decision partially granting plaintiff's appeal at the second level,
5 which is dated June 29, 2012, that the modified program ended and all inmates were returned to
6 normal program on May 15, 2012.
7    Plaintiff was again dissatisfied with that decision and appealed to the third level.
8 He explained he was dissatisfied because

> staff was able to accurately identify those uninvolved inmates that
> was non-black and white the very next day, and release them to
> normal program. So why was it so hard to accurately identify the
> uninvolved black & white inmates and release them back to normal
> program the next day or 3 days later?

(Compl., Doc. 1, at 31).

   At the third level, plaintiff's appeal was denied.  The third level decision noted that plaintiff failed to support his appeal issues with sufficient evidence of facts to warrant a modification of the prior decision.

**C. Defendants' Motion**

   Defendants argue plaintiff's 602 inmate appeal was insufficient to exhaust his administrative remedies.  Defendants contend plaintiff failed to comply with all of the prison grievance rules and procedures as set forth in Article 8 of Title 15 of the California Code of Regulations to properly exhaust his administrative remedies.  Specifically, that plaintiff was required to name each individual staff member in his appeal, setting forth how each individual was involved in the issue being grieved, and he failed to do so.

   Plaintiff has not filed any opposition to the motion.

**D. Analysis**

   As defendants set forth in their motion, the regulations require prisoners to identify the individual staff members who are involved in the issue they are grieving, and are

1  required to describe the staff member's involvement in the issue.  See Cal. Code Regs. Tit. 15 §
2  3084.2(a).  While there are Ninth Circuit cases referring to California prisoners' grievance
3  procedures as not specifying the level of detail necessary, requiring only that the grievance
4  describe the issue and action requested, those cases address the prior regulations in place at the
5  time of the alleged incidences alleged in those cases.  See Wilkerson v. Wheeler, 772 F.3d 834,
6  839 (9th Cir. 2014); Sapp, 623 F.3d at 824; Griffin, 557 F.3d at 120.  As discussed above, the
7  regulations have changed, and inmates are now required to not only describe the issue and what
8  action they are requesting, but also to specifically identify the staff members involved in the
9  incident.  This change was effective in 2011, and was in effect at the time of plaintiff's 2012
10 inmate grievance in this case.

11           The undisputed evidence shows that plaintiff did not name a single individual in
12 his inmate grievance, nor did he provide any identifying information.  The failure to do so
13 renders his grievance insufficient to exhaust as it failed to meet all of the requirements set forth
14 in the regulations.  In addition, plaintiff's inmate grievance, as set forth above, only complained
15 about being punished for an act he was not involved in and missing work.  In his complaint,
16 however, he alleges he lost the ability to participate in several other activities, including exercise,
17 work, canteen privileges, visitations, religious service, law library, educational programs, and
18 drug and alcohol treatment.  None of these other losses were identified in his inmate grievance.

19           Defendants have met their initial burden of showing plaintiff failed to properly
20 exhaust his administrative remedies.  The burden then shifts to plaintiff to produce some
21 evidence that he did in fact exhaust his administrative remedies or that there was some particular
22 burden in his way of exhausting his administrative remedies which would effetely make such
23 remedies unavailable to him.  As plaintiff failed to file an opposition to the motion, he fails to
24 make such a showing and meet his burden.

25           The regulations in effect at the time of the incident plaintiff complains about
26 required him to identify and list the staff members involved.  Plaintiff failed to do so, rendering

his administrative remedies unexhausted.  See Ngo, 548 U.S. at 90-91 ("Proper exhaustion demand compliance with an agency's deadlines and other critical procedural rules because no adjudicative system can function effectively without imposing some orderly structure on the course of its proceedings.").

## IV.  CONCLUSION

The undersigned finds no genuine issue as to any material fact.  Given the undisputed evidence, and plaintiff's lack of opposition to the motion for summary judgment, it stands that plaintiff failed to properly exhaust his administrative remedies prior to bringing this action.  Thus, defendants' motion for summary judgment should be granted.

Based on the foregoing, the undersigned recommends that:

1. Defendants' motion for summary judgment (Doc. 20) be granted;

2. Plaintiff's complaint be dismissed, without prejudice, for failure to exhaust his administrative remedies; and

3. The Clerk of the Court be directed to close this case.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within 14 days after being served with these findings and recommendations, any party may file written objections with the court.  Responses to objections shall be filed within 14 days after service of objections.  Failure to file objections within the specified time may waive the right to appeal.  See Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

DATED:  July 20, 2015

_____
CRAIG M. KELLISON
UNITED STATES MAGISTRATE JUDGE