UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DERRICK HILL, | No. 2:13-cv-0828-KJM-CMK-P |
| Plaintiff, | |
| v. | **ORDER** |
| R.J. RACKLEY, et al., | |
| Defendant. | |

Plaintiff, a prisoner proceeding pro se, brings this civil rights action pursuant to 42 U.S.C. § 1983. The matter was referred to a United States Magistrate Judge pursuant to Eastern District of California local rules.

On December 1, 2014, defendants filed a motion for summary judgment. Defendants advanced several grounds in support of the motion, including that plaintiff failed to exhaust administrative remedies prior to suit. Plaintiff did not oppose the motion. On July 20, 2015, the magistrate judge filed findings and recommendations recommending that defendants' motion be granted on the ground that plaintiff failed to exhaust administrative remedies prior to suit. The magistrate judge did not reach the other grounds raised in the motion. The findings and recommendations were served on the parties and contained notice that the parties may file objections within a specified time. No objections to the findings and recommendations have been

/////

1 filed. The court declines to adopt the recommendation and will instead dismiss this action for
2 lack of prosecution pursuant to Federal Rule of Civil Procedure 41(b).

3 Defendants' motion for summary judgment was filed December 1, 2014. On July 10,
4 2014, the court advised plaintiff of the requirements for opposing a motion pursuant to Rule 56 of
5 the Federal Rules of Civil Procedure, including a motion for summary judgment based on failure
6 to exhaust administrative remedies prior to suit. *See* ECF No. 9 ¶¶ 10, 12 (citing *Rand v.*
7 *Rowland*, 154 F.3d 952, 957 (9th Cir. 1998) (en banc), *Klingele v. Eikenberry*, 849 F.2d 409, 411-
8 12 (9th Cir. 1988), and *Albino v. Baca*, 747 F.3d 1162 (9th Cir. 2014)). The July 10, 2014 order
9 provided that motions for summary judgment "shall be briefed" in accordance with the provisions
10 of Local Rule 230(l). Plaintiff has not opposed the motion for summary judgment.

11 "Pursuant to Federal Rule of Civil Procedure 41(b), the district court may dismiss an
12 action for failure to comply with any order of the court." *Ferdik v. Bonzelet*, 963 F.2d 1258, 1260
13 (9th Cir. 1992). "In determining whether to dismiss a case for failure to comply with a court
14 order the district court must weigh five factors including: '(1) the public's interest in expeditious
15 resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the
16 defendants; (4) the public policy favoring disposition of cases on their merits;  and (5) the
17 availability of less drastic alternatives.'" *Ferdik*, 963 F.2d at 1260-61 (quoting *Thompson v.*
18 *Housing Auth.*, 782 F.2d 829, 831 (9th Cir. 1986)); *see also Ghazali v. Moran*, 46 F.3d 52, 53
19 (9th Cir. 1995).

20 In deciding to dismiss this action, the court has considered the five factors set forth in
21 *Ferdik*. Here, as in *Ferdik*, the first two factors strongly support dismissal of this action. The
22 action has been pending for almost two years. Plaintiff's failure to oppose the summary judgment
23 motion suggests that he has abandoned this action and that further time spent by the court thereon
24 will consume scarce judicial resources in addressing litigation plaintiff demonstrates no intention
25 to pursue.

26 Under the circumstances of this case, the third factor, prejudice to defendants from
27 plaintiff's failure to oppose the motion, also favors dismissal. Plaintiff's failure to oppose the
28 /////

motion prevents defendants from addressing plaintiff's substantive opposition, and would delay resolution of this action, thereby causing defendants to incur additional time and expense.

The fifth factor also favors dismissal. The court has advised plaintiff of the requirements for opposing a motion for summary judgment to no avail. The court finds no suitable alternative to dismissal of this action.

The fourth factor, public policy favoring disposition of cases on their merits, weighs against dismissal of this action as a sanction. However, the first, second, third, and fifth factors strongly support dismissal. Under the circumstances of this case, those factors outweigh the general public policy favoring disposition of cases on their merits. *See Ferdik*, 963 F.2d at 1263.

Accordingly, IT IS HEREBY ORDERED that:

1. The findings and recommendations filed July 20, 2015, are not adopted;
2. This action is dismissed without prejudice pursuant to Federal Rule of Civil Procedure 41(b); and
3. The Clerk of the Court is directed to close this case.

DATED: September 30, 2015.

_____
UNITED STATES DISTRICT JUDGE