UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| HILL,<br><br>        Plaintiff,<br><br>   v.<br><br>RACKLEY, et al.,<br><br>        Defendants. | No. 2:13-cv-00828-KJM-CMK<br><br><br>ORDER |

        This action was brought by a state prisoner proceeding without counsel asserting claims under 42 U.S.C. § 1983. The matter was referred to a magistrate judge pursuant to Eastern District of California local rules. On December 1, 2014, defendants filed a motion for summary judgment, which plaintiff did not oppose. ECF No. 20. On July 20, 2015, the magistrate judge filed findings and recommendations recommending that defendants' motion be granted on the ground that plaintiff failed to exhaust administrative remedies prior to suit. ECF No. 22. On September 30, 2015, this court declined to adopt the recommendation of the magistrate judge and instead dismissed the action without prejudice under Federal Rule of Civil Procedure 41(b) for lack of prosecution. ECF No. 23. The court clerk entered judgment for defendants pursuant to the court's order, and served the court's order and judgment on plaintiff by mail.

On November 2, 2015, the court received notice that its order (ECF No. 23) and judgment (ECF No. 24) were returned as undeliverable mail. In conducting its own check of records related to inmates, the court learned that plaintiff has died.

Rule 25 of the Federal Rules of Civil Procedure provides the mechanics for moving forward after a party to civil litigation has died. As is relevant here, that rule provides:

> (1) Substitution if the Claim Is Not Extinguished. If a party dies and the claim is not extinguished, the court may order substitution of the proper party. A motion for substitution may be made by any party or by the decedent's successor or representative. If the motion is not made within 90 days after service of a statement noting the death, the action by or against the decedent must be dismissed.
>
> ***
>
> (3) Service. A motion to substitute, together with a notice of hearing, must be served on the parties as provided in Rule 5 and on nonparties as provided in Rule 4. A statement noting death must be served in the same manner. Service may be made in any judicial district.

Fed. R. Civ. P. 25(a). In *Robertson v. Wegmann*, 436 U.S. 584 (1978), the Supreme Court held that the law of the forum state is "the principal reference point in determining survival of civil rights actions" under section 1983. *Id.* at 590; *see also Moor v. Alameda County*, 411 U.S. 693, 703 n.14 (1973) (noting that under 42 U.S.C. § 1988, state survivorship statutes may allow the survival of actions brought under § 1983). Under California law, a cause of action against a person is generally not lost by reason of the person's death. Cal. Civ. Proc. Code § 377.20(a). The decedent's personal representative or, if there is none, the decedent's successor in interest may continue to litigate the action. *Id.* § 377.31.

The Ninth Circuit has held that Rule 25(a) requires two affirmative steps to trigger the 90-day period:

> First, a party must formally suggest the death of the party upon the record. Second, the suggesting party must serve other parties and nonparty successors or representatives of the deceased with a suggestion of death in the same manner as required for service of the motion to substitute. Thus, a party may be served the suggestion of death by service on his or her attorney, while nonparty successors or representatives of the deceased party must be served the suggestion of death in the manner provided by Rule 4 for the service of a summons.

*Barlow v. Ground*, 39 F.3d 231, 233 (9th Cir. 1994) (internal citations omitted). Under *Barlow*, and given the circumstances of this case involving an inmate in state custody, defendants have some obligation to identify plaintiff's representative or successor and serve the notice of death on that party.

Here, a formal notice of plaintiff's death has not been filed with the court, nor has plaintiff's personal representative or successor in interest been served. Accordingly, it is hereby ORDERED that, within 30 days of the date of this order, defendants shall:

1. File a formal notice of plaintiff's death with the court and serve that notice on plaintiff's personal representative or successor in interest; or

2. Inform the court of the steps defendants have taken to locate plaintiff's personal representative or successor in interest and explain whether such person can be located.

IT IS SO ORDERED.

DATED: November 12, 2015.

_____
UNITED STATES DISTRICT JUDGE